IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:18cv407

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | FORFEITURE *IN REM* |
| REAL PROPERTY which is physically located ) | |
| at 6510 Fallen Spruce Court, Charlotte, North ) | |
| Carolina, and more particularly described in a ) | |
| deed recorded at Book 27854, Page 552 of the ) | |
| Mecklenburg County Register of Deeds. ) | |

NOW COMES the United States of America, plaintiff herein, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, in a civil *in rem* cause of forfeiture, and alleges the following:

## NATURE OF THE ACTION

1. This is a civil forfeiture action brought by the United States *in rem* against real property within the Western Judicial District of North Carolina located at 6510 Fallen Spruce Drive, Charlotte, North Carolina, and more particularly described in Deed Book 27854, page 522 in the office of the Register of Deeds for Mecklenburg County, North Carolina, together with all appurtenances, improvements, and attachments thereon, hereinafter referred to as the "Defendant Property."

2. The basis of the forfeiture, more specifically described below, is that since at least a time in 2012 up to the present year the defendant property sought to be forfeited was or has been used or intended to be used to commit certain violations of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* and/or otherwise constitutes proceeds, or is otherwise derived from

1

proceeds traceable to, certain offenses in violation of the Controlled Substances Act, 21 U. S. C. §§ 801, *et seq.*

## JURISDICTION AND VENUE

3.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355.

4.  This court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5.  Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and because the property to be forfeited is physically located in and is found in this district.

6.  Procedures for this civil forfeiture *in rem* action are mandated or otherwise authorized by 18 U.S.C. §§ 981, 983, 985, 1594(e), 2428(b); 21 U.S.C. § 881; and Rules A - G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## BASIS FOR FORFEITURE

7.  The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) which provides in pertinent part that:

> (a) The following property shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter [the Controlled Substances Act, 21 U.S.C. §§801 *et seq.*] punishable by more than one year's imprisonment.

2

8. As more fully alleged in the assertion of facts below, the defendant property was used or intended to be used to commit or facilitate the commission of violations of 21 U.S.C. § 841(a) which provides in pertinent part that:

> Except as authorized by this subchapter [the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*], it shall be unlawful for any person knowingly or intentionally –
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

9. The violations of the Controlled Substances Act alleged more particularly below in this complaint were not authorized by that Act and were felonies for which the punishment is more than one year of imprisonment.

10. The defendant property is further subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) which provides in pertinent part that:

> (a) The following property shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (6) All monies, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter [the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*], all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter [the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*]

11. Upon information and belief, the violations of the Controlled Substances Act alleged more particularly below in this complaint produced monies, cash, negotiable instruments, and other things of value which were then paid to the owners and operators of the defendant property as room rents, property rents or other payments that were commingled with and are now a part of the defendant property. Additionally, and in the alternative, such comingled monies, cash, negotiable instruments, and other things of value further facilitated or were intended to facilitate the violations of the Controlled Substance Act alleged herein.

3

## PARTIES

12. At all times and for all events described and referred to herein, the Defendant Property was owned by Chad A. Belcher.

13. The Defendant Property was acquired by Chad A. Belcher and Brian B. Belcher (also known as Charles Brian Belcher) as joint tenants with rights of survivorship on or about July 29, 2008.

14. On or about October 25, 2012, Brian B. Belcher and wife, Elizabeth D. Belcher deeded the Defendant Property to Chad A. Belcher.

15. The Defendant Property is currently wholly owned by Chad A. Belcher.

## VIOLATIONS OF THE CONTROLLED SUBSTANCES ACT

16. As part of its investigation into High Intensity Drug Trafficking Areas (HIDTAs) and its efforts to curb opioid trafficking and use, the Drug Enforcement Administration (DEA) partners with the Charlotte Mecklenburg Police Department (CMPD) to maximize their efforts in combatting violations of the Controlled Substances Act.

17. As early as December 23, 2013, Officers were aware of the Defendant Property when—responding to a call—Officers arrived and learned of multiple gunshots fired at the Defendant Property.

18. Officers searched the Defendant Property finding 16 spent shell casings in the street in front of the house, a shattered front glass storm door, and approximately 6 bullet holes striking the house.

19. Officers recovered two spent projectiles from the inside of Defendant Property and observed damage to inside windows and interior walls from the shots.

20. Shortly thereafter, on June 16, 2014, officers responded to a 911 call to the

4

Defendant Property that stated a drug sale transaction was taking place.

21. Once at the scene officers could not located the suspected vehicle reported.

22. However, Officers spoke with the reporting person who advised she noticed two individuals exchanging items, and that the e residents of the Defendant Property were known traffickers.

23. Officers spoke with the residents of the property who offered to let Officers search the property.

24. Officers then obtained written consent and performed a search.

25. Officers observed that the house was without power or water.

26. During their search, Officers found drug paraphernalia which was seized and a citation was issued.

27. On October 13, 2015, a search warrant was executed at Defendant Property.

28. Pursuant to the search, Officers located 2 grams of heroin, several syringes and other drug paraphernalia used to consume heroin, a digital scale, US currency, a crack pipe and paraphernalia used to consume cocaine, a date book/diary, baggies and balloons which are used to divide controlled substances for individual sales.

29. Owner Chad Belcher was transported to CMPD and advised during his interview that he smokes crack and shoots heroin daily.

30. Belcher also advised that he sells crack and heroin to support his habit and uses his home as a base of operations.

31. Belcher was arrested for possession with intent to sell and distribute heroin, maintaining a dwelling, possession of drug paraphernalia, and misdemeanor child abuse.

32. Even after arrest, CMPD continued to respond to the Defendant Property due to

issues arising from drug users congregating in and around the home.

33. On January 17, 2017, Officers conducted a knock and talk at Defendant Property in an attempt to locate Chad Belcher on an order for a new arrest.

34. Belcher's wife stated she knew Belcher had missed court and that he was "staying somewhere up by the lake".

35. The next day, January 18, 2017, Officers conducted a knock and talk at Defendant Property in an attempt to locate several subjects with outstanding warrants.

36. At that time, Belcher and an accomplice were located and arrested.

37. Officers reports note that, consistent with the Defendant Property's use as a have for heroin users, numerous other subjects with drug histories were present at the time of Belcher's arrest.

38. On April 6, 2017, CMPD Crime Stoppers received a tip regarding drugs being sold out of the Defendant Property.

39. This tip was one of many citizen complaints about drug sales arising out of the Defendant Property and the home's use as a haven for heroin users.

40. Using a confidential and reliable informant a controlled purchase of heroin was made from a person identified as Chad Belcher.

41. Officers then obtained a search warrant for Defendant Property.

42. Officers executed the search warrant on April 6, 2017.

43. Pursuant to the search, officers located Xanax pills, Xanax bars, scales with methamphetamine residue, US currency, and drug paraphernalia.

44. Officers also conducted a search of a vehicle in the driveway of the Defendant Property (registered to an occupant) and located 28.6 grams of methamphetamine and US

6

currency totally $3,580.

45. Belcher and other occupants of Defendant Property were arrested for possession of drug paraphernalia and the owner of the vehicle was arrested for trafficking methamphetamine as well as possession of drug paraphernalia.

46. On April 12, 2017, Officers responded to Defendant Property in an attempt to locate a drug trafficker known to reside at the Defendant Property on an outstanding order for arrest.

47. A short time after the Officers arrival at Defendant Property the trafficker arrived with Chad Belcher and a third party.

48. The known trafficker was arrested upon arrival and the third party was later arrested for an outstanding warrant for misdemeanor larceny, Officers also located drug paraphernalia on the third party.

49. Shortly thereafter, Officers received citizens' reports that there was a significant amount of foot traffic at Defendant Property believed to represent drug users purchasing controlled substances.

50. In response, on June 22, 2017, Officers conducted a knock and talk at Defendant Property in reference to locating Chad Belcher on an active order for arrest.

50. Belcher was not located at that time.

51. On July 11, 2017, Officers conducted a knock and talk at Defendant Property in attempt to locate Chad Belcher on two outstanding orders for arrest regarding possession of drug paraphernalia.

52. Upon arrival at Defendant Property, the Officers were immediately summoned inside because an occupant of the property was experiencing an overdose of heroin.

7

52. The officers called for Medic and began rendering aid to the unconscious subject.

53. Medical assistance arrive on scene and administered Narcan and the occupant was resuscitated.

54. During the treatment of the occupant, Officers observed a large amount of drug paraphernalia and an unknown white powder in plain view on the kitchen table.

55. Officers conducted a consensual search of Defendant Property and found additional drug paraphernalia in the master bedroom.

56. Occupants of the Defendant Property were arrested for possession of drug paraphernalia and a warrant for the arrest of the overdosing occupant was issued.

57. Following every incident at the Defendant property, CMPD Officers sent to Mr. Chad Belcher notices of controlled substance violation letters in reference to each instance a controlled substance violation occurred.

58. CMPD Officers have also, on multiple occasions met with Belcher and occupants of the Defendant Property to discuss the ongoing drug dealing and criminal activity occurring— each time offering suggestions for measures that could be taken to reduce such activity.

59. With respect to Defendant Property, Belcher as owner and active participant in the drug trafficking arising therein, has been placed on notice on multiple occasions that existing circumstances could lead to the termination of his interests as a result of a civil asset forfeiture action.

## THE DEFENDANT PROPERTY IS SUBJECT TO FORFEITURE

60. Based upon the totality of the circumstances, Defendant real property was and is being used or intended to be used to facilitate violations of Title 21 United States Code §§ 801 *et seq.*, and are proceeds thereof, and are therefore subject to forfeiture to the United States

pursuant to 21 U.S.C. § 881(a)(7) and § 881(a)(6).

61. By virtue of the foregoing, all right, title, and interest in the defendant real property vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture, 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), and such property has become and is forfeitable to the United States of America.

62. Upon information and belief, the following persons may have or claim an interest in the defendant property:

> Chad A. Belcher
> 6510 Fallen Spruce Drive
> Charlotte, NC 28227

63. The United States does not request authority from the Court to seize the Defendant Property at this time. The United States has or will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

a. post notice of this action and a copy of the Complaint on the Defendant Property;

b. serve notice of this action on the Defendant Property owners, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint; and

c. file a *lis pendens* in county records giving notice of the Defendant Property's status as a defendant in this *in rem* forfeiture action.

**WHEREFORE**, the United States respectfully prays that:

(1) due notice be given to all interested parties to appear and answer this complaint and show cause why the forfeiture should not be decreed and granted;

(2) judgment be entered declaring the Defendant Property to be condemned and forfeited to the United States of America for disposition according to law;

(3) the United States be granted such other and further relief as may be permitted in law or equity, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Property, if any, as allowed by 28 U.S.C. § 1921.

This _____ day of July, 2018.

                      R. ANDREW MURRAY
                      UNITED STATES ATTORNEY

                      **s/ Tiffany Mallory Moore**
                      Georgia Bar Number 744522
                      Assistant United States Attorney
                      Suite 1650, Carillon Building
                      227 West Trade Street
                      Charlotte, North Carolina 28202
                      Telephone: (704) 344-6222
                      Fax: (704) 344-6629
                      Email: tiffany.moore2@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

## VERIFICATION

Officer Harlan D. Proctor being duly sworn, deposes and says under penalty of perjury:

I am an Officer with the Charlotte-Mecklenburg Police Department, assigned to the investigation of this case.

I participated in the investigation of the incidents described in the Factual Basis and Probable Cause in this Complaint.

I have read the foregoing Complaint, and the contents thereof are true according to my best knowledge, information, and belief.

_____
Officer Harlan D. Proctor


STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

I hereby certify that Harlan D. Proctor personally appeared before me this the ____ day of July, 2018, and acknowledged the execution of the foregoing instrument.

_____
NOTARY PUBLIC
My Commission Expires: 11/19/2018

Lauren Amanda Fowler Hefferon
NOTARY PUBLIC
Cabarrus County, North Carolina